UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL D. LEFFLER, | ) | 3:09CV2801 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE LESLEY WELLS |
| v. | ) | (Mag. Judge McHargh) |
| | ) | |
| STATE OF OHIO, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | <u>RECOMMENDATION</u> |

McHARGH, MAG. J.

      The petitioner Paul D. Leffler ("Leffler") has filed a petition for a writ of habeas corpus pro se, arising out of his 2007 convictions for two counts of gross sexual imposition and two counts of contributing to the unruliness of a minor, in the Hardin County (Ohio) Court of Common Pleas. In his original petition, Leffler raised four grounds for relief:

      1. Court violated appellant's rights under due process of law by not allowing him to withdraw plea prior to sentencing.

      2. Effective assistance of counsel guaranteed under the 6th Amendment to the Constitution.

      3. Retroactive application of tier system is contrary to the rights of no Ex Post Facto Law and was improperly aplied [sic].

      4. Bias of judge in clear violation of petitioner's right.

([Doc. 1](Doc. 1), at § 12.) In addition, Leffler filed an "Amendment to Petition," which seeks to expand on the argument in support of his first ground, and to add a fifth ground:

    5. State violated petitioner's rights under due process of law by flawed grand jury procedures which would include multiplicity of charges and several compromised indictments.

(Doc. 10.)

The respondent has filed a motion to dismiss the petition as a mixed petition which contains an unexhausted claim (ground 2). (Doc. 9.)

## I. PROCEDURAL BACKGROUND

After waiving his rights, Leffler on May 23, 2007, entered two pleas to charges arising from an indictment: 1) Leffler entered a no contest plea to two counts of contributing to the unruliness of a minor, and the court found him guilty; and, 2) Leffler entered a guilty plea to two counts of gross sexual imposition. (Doc. 9, RX 2-4.) The remaining charges of the indictment were dismissed.

On July 23, 2007, prior to his sentencing hearing, Leffler filed a motion to withdraw his guilty plea. (Doc. 9, RX 5.) After a hearing on the motion, Leffler's motion to withdraw his guilty plea was denied. (Doc. 9, RX 7.) His motion for reconsideration was denied as well (doc. 9, RX 10), and the case proceeded to sentencing.

On Sept. 19, 2007, Leffler was sentenced to consecutive prison terms of fourteen (14) months on each of the gross sexual imposition charges, and thirty (30) days on each of the counts of contributing to the unruliness of a minor, for a total sentence of thirty (30) months. (Doc. 9, RX 11.)

A. Direct Appeal

Leffler filed a timely direct appeal of his sentencing on Oct. 15, 2007. (Doc. 9, RX 12.) He raised a single assignment of error: "The trial court erred and abused its discretion by denying Appellant's Motion to Withdraw Pleas." (Doc. 9, RX 13.)

On June 23, 2008, the court of appeals affirmed his conviction. (Doc. 9, RX 16; State v. Leffler, No. 6-07-22, 2008 WL 2486413 (Ohio Ct. App. June 23, 2008).)

Leffler appealed pro se to the Supreme Court of Ohio on Aug. 5, 2008. (Doc. 9, RX 17.) He presented a single proposition of law, verbatim: "The appellant court erred and abused its discretion by denying Appellant's Motion to Withdrawl Plea's." (Doc. 9, RX 18.) The appeal was not signed by Leffler, but by "Stefanie A. Leffler POA." (Doc. 9, RX 18, at 11-12.)

The state moved to dismiss the appeal on the basis that Leffler's wife was not a party to the action, nor was she admitted to practice law. (Doc. 9, RX 19, at 2.) On Dec. 3, 2008, the state supreme court denied leave to appeal and dismissed the case because it did not involve any substantial constitutional question. The court denied the state's motion to dismiss as moot. (Doc. 9, RX 20; State v. Leffler, 120 Ohio St.3d 1419, 897 N.E.2d 654 (2008).)

Within a week, Leffler filed a motion for reconsideration before the state supreme court, without addressing the issue of his wife's filing. (Doc. 9, RX 21.) The motion for reconsideration was denied on Jan. 28, 2009. (Doc. 9, RX 22.)

## B. Motion to Reopen

While his appeal to the Supreme Court of Appeal was pending, Leffler filed an application pro se to reopen his appeal, pursuant to Ohio App. Rule 26(B), on Sept. 22, 2008. Again, the application was not signed by Leffler, but by "Stefanie A. Leffler POA." (Doc. 9, RX 23, at 8-9.)

The application was based on six grounds which appellate counsel should have raised, alleging ineffective assistance of trial counsel, and arguing that his plea was not voluntarily and intelligently made. First, trial counsel failed to move to dismiss the amended indictment. (Doc. 9, RX 23, at 4.) Second, counsel failed to challenge the indictment based on "multiplicity of charges." Id. at 5. Third, counsel failed to appeal based on excessive bail. Id. Fourth, "trial counsel failed to file opposition to States motion to [refrain] from questioning victims or any witnesses which could bring up past issues of [alleged] victims under the Rape Shield Law." Id. at 6. Fifth, he argued that counsel's advice regarding his plea was incorrect. Id. at 7. Finally, he argued that his plea was not voluntarily and intelligently made. Id. at 7-8.

The state filed a motion, on Oct. 7, 2008, to strike or dismiss the application on the basis that Leffler's wife was not a party to the action, nor was she admitted to practice law. (Doc. 9, RX 24, at [2].) On Oct. 17, 2008, Leffler filed an opposition, urging the court to "dismiss and/or strike State's motion or give Appellant adequate time to file new Application or grant any further relief that seems appropriate..."

(Doc. 9, RX 25, at 1.) The court of appeals agreed that the application was not properly before the court, and it was stricken. (Doc. 9, RX 26.)

Leffler filed a petition for a writ of habeas corpus on Dec. 2, 2009. (Doc. 1.)

## RESPONDENT'S MOTION TO DISMISS

The respondent has filed a motion to dismiss, arguing that Leffler's petition is mixed and must be dismissed. (Doc. 9, at 5.) The respondent contends that the second ground of the petition alleges ineffective assistance of both trial and appellate counsel, and that the ineffective assistance of appellate counsel issue was never properly presented to the state courts for a ruling, because his Rule 26(B) application was stricken and never re-filed. Id. at 6.

The respondent contends that Leffler still has an unexhausted avenue to present this claim, through a delayed application for reopening under Rule 26(B), assuming Leffler is able to show good cause for the delay. Id. at 6-7.

Leffler responds that the court should grant a stay and abeyance, because he will file a "corrected" Rule 26(B) application in state court. (Doc. 17, at 3-5.) The respondent opposes a stay, on the basis that Leffler has failed to demonstrate "good cause" for failing to properly exhaust the ineffective assistance of appellate counsel

5

claim.[1] (Doc. 19.) In addition, the respondent contends that the second ground of the petition is without merit. Id. at 6-8.

## STAY AND ABEYANCE

The Supreme Court has explained that the "stay-and-abeyance" procedure is used in circumstances where:

> . . . a petitioner comes to federal court with a mixed petition toward the end of the limitations period, [and] a dismissal of his mixed petition could result in the loss of all of his claims – including those already exhausted – because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims.

Pliler v. Ford, 542 U.S. 225, 230 (2004). The Pliler Court stated that the stay-and-abeyance procedure involves three steps:

> . . . first, dismissal of any unexhausted claims from the original mixed habeas petition; second, a stay of the remaining claims, pending exhaustion of the dismissed unexhausted claims in state court; and third, amendment of the original petition to add the newly exhausted claims that then relate back to the original petition.

Id. at 230-231.

The Pliler Court declined to address the propriety of the stay-and-abeyance procedure, but in Rhines v. Weber, the Court held that district courts have

---

[1] The respondent argues that the court should not grant a stay because Leffler has failed to demonstrate "good cause" for failing to properly exhaust his claim, doc. 19, although the respondent also suggests that Leffler still has an unexhausted avenue to present this claim, through a delayed application for reopening, which would require Leffler to show "good cause" for the delayed filing, doc. 9, at 6-7. See generally Ohio App.R. 26(B)(2)(b).

discretion, in limited circumstances, to hold mixed petitions in abeyance, rather than dismissing them. Wiedbrauk v. Lavigne, No. 04-1793, 2006 WL 1342309, at *5 (6th Cir. May 17, 2006), cert. denied, 549 U.S. 961 (2006) (citing Rhines v. Weber, 544 U.S. 269 (2005)). A "mixed" petition contains both unexhausted and exhausted claims. Pliler, 542 U.S. at 227. In addition, the Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277; Wiedbrauk, 2006 WL 1342309, at *5.

Where the district court is confronted with a mixed petition containing unexhausted claims, the Sixth Circuit has presented a choice of four options:

> (1) dismiss the mixed petition in its entirety, Rhines, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, id. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, id. at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2). See Rockwell v. Yukins, 217 F.3d 421, 425 (6th Cir. 2000).

Harris v. Lafler, 553 F.3d 1028, 1031-1032 (6th Cir. 2009); see also Wagner v. Smith, 581 F.3d 410, 419 (6th Cir. 2009).

It is uncontested here that Leffler has filed a mixed petition, because his claim of ineffective assistance of appellate counsel has not been properly exhausted. See, e.g., doc. 17, at 2. Both the respondent and the petitioner believe that Leffler should file a delayed application for reopening under Ohio App. Rule 26(B) in state court; however, they differ in terms of what they believe should occur with this

7

habeas petition. The respondent urges the court to follow the first option, to dismiss the mixed petition in its entirety. The petitioner would have the court take the second road, to stay the petition and hold it in abeyance while he returns to state court to raise his unexhausted claim. The petitioner thus declines to pursue the third option, namely, to dismiss his unexhausted claim and proceed with the remainder of his claims.

At this point, the parties have not fully briefed the merits of the other claims, thus, the fourth path (ignore the exhaustion requirement altogether and deny the petition on the merits) does not present itself at this juncture.

The respondent argues that a stay should not be granted because Leffler has not shown good cause for his failure to exhaust the claim. The court is mindful that Leffler's Rule 26(B) application to reopen was filed pro se, and was not untimely as filed. (Doc. 9, RX 23.) While the court agrees that this does not excuse the improper signing of the application by Leffler's wife, it is relevant to what followed. The record reflects that Leffler did take affirmative steps to attempt to exhaust his Sixth Amendment claim.

The state filed a motion to dismiss Leffler's timely Rule 26(B) application, arguing that it should be dismissed or stricken because of the improper signature. (Doc. 9, RX 24.) In response, Leffler requested that the court deny the motion and

"give Appellant adequate time to file new Application[2]."  (Doc. 9, RX 25, at 1.)  The respondent contends that the appellate court's ruling gave Leffler a "roadmap" and "clear directives" of how to proceed.  (Doc. 19, at 5.)

The court of appeals agreed with the state that Leffler's application should be stricken from the record, because his wife improperly signed and filed the application under a "power of attorney" designation, and so ruled.  (Doc. 9, RX 26.)  The court did not, however, respond to Leffler's request to grant him "adequate time to file new Application."  (Doc. 9, RX 25, at 1.)  While explaining the reasons why Leffler's application was improperly filed under a "power of attorney," the court did not provide any guidance to Leffler as to whether or how he could re-file.  This court is not implying that it was improper for the state court to fail to provide such guidance, merely that it is not accurate to say that the court gave Leffler a "roadmap" or "clear directives" on what to do next.

The respondent asserts that Leffler still has the ability to file a delayed application to reopen.  (Doc. 9, at 7.)  Leffler requests a stay to do just that.  (Doc. 17, at 7.)  The court cannot find that Leffler's claims of ineffective assistance of appellate counsel are "plainly without merit" on the briefings at this point.  See, e.g., Woodson v. Smith, No. 5:08CV2779, 2010 WL 3781579, at *4 (N.D. Ohio Sept. 23, 2010).

---

[2] At that point, the 90-day period for a timely filing of his application had expired.  See generally State v. Lamar, 102 Ohio St.3d 467, 468, 812 N.E.2d 970 (2004) (per curiam), cert. denied, 543 U.S. 1168 (2005).

RECOMMENDATION

The motion to dismiss (doc. 9) should be denied. The court should exercise its discretion to hold this mixed petition in abeyance, rather than dismissing it. Wiedbrauk, 2006 WL 1342309, at *5. The stay should be granted on the condition that Leffler file the application to reopen his appeal, pursuant to Ohio App. Rule 26(B), in the Ohio Court of Appeals within thirty (30) days of the date of this order, and that Leffler seek reinstatement on this court's active docket within thirty (30) days of fully exhausting that procedure.


Dated:   Oct. 22, 2010              /s/ Kenneth S. McHargh
                                    Kenneth S. McHargh
                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).