UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


PAUL D. LEFFLER,                              ) 3:09CV2801
                                             )
            Petitioner                       ) JUDGE LESLEY WELLS
                                             ) (Magistrate Judge Kenneth S. McHargh)
       v.                                    )
                                             )
SARA ANDREWS,                                )
OHIO ADULT PAROLE AUTH.,                     )
                                             )
            Respondent                       ) REPORT AND
                                             ) RECOMMMENDATION


McHARGH, MAG. J.

       The petitioner Paul D. Leffler ("Leffler") has filed a petition for a writ of

habeas corpus, arising out of his 2007 convictions for two counts of gross sexual

imposition and two counts of contributing to the unruliness of a minor, in the

Hardin County (Ohio) Court of Common Pleas.  In his original petition, Leffler

raised four grounds for relief:

       1.  Court violated appellant's rights under due process of law by not
       allowing him to withdraw plea prior to sentencing.

       2.  Effective assistance of counsel guaranteed under the 6th
       Amendment to the Constitution.

       3.  Retroactive application of tier system is contrary to the rights of no
       Ex Post Facto Law and was improperly aplied [sic].

       4.  Bias of judge in clear violation of petitioner's right.


1

(Doc. 1, at § 12.)  In addition, Leffler filed an "Amendment to Petition," which seeks

to expand on the argument in support of his first ground, and to add a fifth ground:

> 5.  State violated petitioner's rights under due process of law by flawed
> grand jury procedures which would include multiplicity of charges and
> several compromised indictments.

(Doc. 10.)

In response to a motion to dismiss, the court granted a stay for the purpose of

allowing Leffler to exhaust his state remedies.  (Doc. 20, 21.)  Subsequently, Leffler

filed a notice of exhaustion of claims.  (Doc. 22.)  The respondent has filed a Return

of Writ (doc. 25), and Leffler has filed a Traverse (doc. 29.)

Leffler is currently in the custody of the Ohio Adult Parole Authority, thus

the proper named respondent is Sara Andrews, Deputy Director of the OAPA.  (Doc.

25, at 1.)  The docket should be corrected to reflect the proper custodian.

## I.  PROCEDURAL BACKGROUND

After waiving his rights, Leffler, on May 23, 2007, entered two pleas to

charges arising from an indictment:  1) Leffler entered a no contest plea to two

counts of contributing to the unruliness of a minor, and the court found him guilty;

and, 2) Leffler entered a guilty plea to two counts of gross sexual imposition.  (Doc.

9, RX 2-4.)  The remaining charges of the indictment were dismissed.

On July 23, 2007, prior to his sentencing hearing, Leffler filed a motion to

withdraw his guilty plea.  (Doc. 9, RX 5.)  After a hearing on the motion, Leffler's

motion to withdraw his guilty plea was denied.  (Doc. 9, RX 7.)  His motion for

reconsideration was denied as well (doc. 9, RX 10), and the case proceeded to sentencing.

On Sept. 19, 2007, Leffler was sentenced to consecutive prison terms of fourteen (14) months on each of the gross sexual imposition charges, and thirty (30) days on each of the counts of contributing to the unruliness of a minor, for a total sentence of thirty (30) months.  (Doc. 9, RX 11.)

## A.  Direct Appeal

Leffler filed a timely direct appeal of his sentencing on Oct. 15, 2007.  (Doc. 9, RX 12.)  He raised a single assignment of error:  "The trial court erred and abused its discretion by denying Appellant's Motion to Withdraw Pleas."  (Doc. 9, RX 13.)

On June 23, 2008, the court of appeals affirmed his conviction.  (Doc. 9, RX 16; State v. Leffler, No. 6-07-22, 2008 WL 2486413 (Ohio Ct. App. June 23, 2008).)

Leffler appealed pro se to the Supreme Court of Ohio on Aug. 5, 2008.  (Doc. 9, RX 17.)  He presented a single proposition of law, verbatim:  "The appellant court erred and abused its discretion by denying Appellant's Motion to Withdrawl Plea's."  (Doc. 9, RX 18.)  The appeal was not signed by Leffler, but by "Stefanie A. Leffler POA."  (Doc. 9, RX 18, at 11-12.)

The state moved to dismiss the appeal on the basis that Leffler's wife was not a party to the action, nor was she admitted to practice law.  (Doc. 9, RX 19, at 2.)  On Dec. 3, 2008, the state supreme court denied leave to appeal and dismissed the case because it did not involve any substantial constitutional question.  The court

denied the state's  motion to dismiss as moot.  (Doc. 9, RX 20; State v. Leffler, 120 Ohio St.3d 1419, 897 N.E.2d 654 (2008).)

Within a week, Leffler filed a motion for reconsideration before the state supreme court, without addressing the issue of his wife's filing.  (Doc. 9, RX 21.) The motion for reconsideration was denied on Jan. 28, 2009.  (Doc. 9, RX 22.)

## B.  Motion to Reopen

While his appeal to the Supreme Court of Appeal was pending, Leffler filed an application pro se to reopen his appeal, pursuant to Ohio App. Rule 26(B), on Sept. 22, 2008.  Again, the application was not signed by Leffler, but by "Stefanie A. Leffler POA."  (Doc. 9, RX 23, at 8-9.)

The application was based on six grounds which appellate counsel should have raised, alleging ineffective assistance of trial counsel, and arguing that his plea was not voluntarily and intelligently made.  First, trial counsel failed to move to dismiss the amended indictment.  (Doc. 9, RX 23, at 4.)  Second, counsel failed to challenge the indictment based on "multiplicity of charges."  Id. at 5.  Third, counsel failed to appeal based on excessive bail.  Id.  Fourth, "trial counsel failed to file opposition to States motion to [refrain] from questioning victims or any witnesses which could bring up past issues of [alleged] victims under the Rape Shield Law." Id. at 6.  Fifth, he argued that counsel's advice regarding his plea was incorrect.  Id. at 7.  Finally, he argued that his plea was not voluntarily and intelligently made. Id. at 7-8.

4

The state filed a motion, on Oct. 7, 2008, to strike or dismiss the application on the basis that Leffler's wife was not a party to the action, nor was she admitted to practice law.  (Doc. 9, RX 24, at [2].)  On Oct. 17, 2008, Leffler filed an opposition, urging the court to "dismiss and/or strike State's motion or give Appellant adequate time to file new Application or grant any further relief that seems appropriate..."  (Doc. 9, RX 25, at 1.)  The court of appeals agreed that the application was not properly before the court, and it was stricken.  (Doc. 9, RX 26.)

Leffler filed a petition for a writ of habeas corpus on Dec. 2, 2009.  (Doc. 1.)  The respondent filed a motion to dismiss the petition on the basis of unexhausted claims.  (Doc. 9.)  Leffler asked the court to stay his petition while he returned to state court to pursue a delayed Rule 26(B) motion to reopen his appeal.  (Doc. 17.)  The court stayed the case on that basis.  (Doc. 20, 21.)

Leffler next filed a delayed application to reopen his appeal in state court. He alleged ineffective assistance of appellate counsel, in failing to present the following assignments of error on direct appeal concerning ineffective assistance of his trial counsel :

1.  Failure to oppose government motions to amend [the indictment];

2.  Failure to request grand jury transcripts; and,

3.  Failure to file a motion for a rape shield hearing.

(Doc. 25, RX 27.)

5

On Feb. 16, 2011, the court of appeals denied the application to reopen ,
because it was not timely filed, and the application did not set forth good cause for
being untimely.  (Doc. 25, RX 29.)

Leffler filed an appeal to the Ohio Supreme Court, setting forth two
propositions of law:

> 1.  The Third District's refusal to hear the original application and this
> successor application violates the Open Court Amendment to the Ohio
> Constitution and the Due Process Clause of the Fifth Amendment of
> the federal Constitution made applicable to the states by the
> Fourteenth [Amendment].
>
> 2.  Appellant was denied effective assistance of counsel guaranteed by
> the Sixth Amendment made applicable to the states by the Fourteenth
> Amendment to the United States Constitution.

(Doc. 25, RX 31.)  The state supreme court dismissed the appeal as not involving
any substantial constitutional question.  (Doc. 25, RX 32.)

Having exhausted his state Rule 26(B) options, Leffler then returned to this
habeas court.  (Doc. 22.)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of
1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal
courts must apply when considering applications for a writ of habeas corpus.  Under
the AEDPA, federal courts have limited power to issue a writ of habeas corpus with
respect to any claim which was adjudicated on the merits by a state court.  The
Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied -- the state-court adjudication resulted in a
> decision that (1) "was contrary to ... clearly established Federal law, as
> determined by the Supreme Court of the United States," or (2)
> "involved an unreasonable application of ... clearly established Federal
> law, as determined by the Supreme Court of the United States."
> Under the "contrary to" clause, a federal habeas court may grant the
> writ if the state court arrives at a conclusion opposite to that reached
> by this Court on a question of law or if the state court decides a case
> differently than this Court has on a set of materially indistinguishable
> facts.  Under the "unreasonable application" clause, a federal habeas
> court may grant the writ if the state court identifies the correct
> governing legal principle from this Court's decisions but unreasonably
> applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291

F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court

precedent "if the state court applies a rule that contradicts the governing law set

forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v.

Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court

considers the state decision to be erroneous or incorrect.  Rather, the federal court

must determine that the state court decision is an objectively unreasonable

application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

### III.  PROCEDURAL DEFAULT

The respondent contends that all of Leffler's habeas grounds "have been defaulted due to his multiple failures to fairly present them to the state courts." (Doc. 25, at 8.)

A habeas claim may be procedurally defaulted in two distinct ways.  First, by failing to comply with state procedural rules.  Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)). Second, by failing to raise a claim in state court, and to pursue the claim through the state's ordinary review process.  Williams, 460 F.3d at 806 (citing O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)).

### A.  First Ground:  Motion to Withdraw Plea

The respondent argues that the first ground of the petition, that Leffler's due process rights were violated by not allowing him to withdraw plea prior to sentencing, was not presented to the state courts as a federal claim.

This court does not have jurisdiction to consider a federal claim in a habeas petition which was not fairly presented to the state courts.  Baldwin v. Reese, 541 U.S. 27 (2004); Jacobs v. Mohr, 265 F.3d 407, 415 (6th Cir. 2001).  The Sixth Circuit has stated:

> A claim may only be considered "fairly presented" if the petitioner
> asserted both the factual and legal basis for his claim to the state
> courts.  This court has noted four actions a defendant can take which
> are significant to the determination whether a claim has been "fairly
> presented":  (1) reliance upon federal cases employing constitutional

8

analysis;  (2) reliance upon state cases employing federal constitutional analysis;  (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right;  or (4) alleging facts well within the mainstream of constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), cert. denied, 532 U.S. 958 (2001) (citing Franklin v. Rose, 811 F.2d 322, 325-326 (6th Cir. 1987)).  See also Hicks v. Straub, 377 F.3d 538, 552-554 (6th Cir. 2004), cert. denied, 544 U.S. 928 (2005).  To "fairly present" the claim to the state courts, a habeas petitioner must present his claim as a federal constitutional issue, not as an issue arising under state law.  Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).

Leffler raised a single assignment of error on direct appeal:  "The trial court erred and abused its discretion by denying Appellant's Motion to Withdraw Pleas." (Doc. 9, RX 13.)  Leffler argued that, under Ohio law, "motions filed prior to sentencing seeking to withdraw a guilty plea should be freely and liberally granted."  (Doc. 9, RX 13, at 14.)  Leffler asserted that he had presented sufficient evidence of a reasonable and legitimate reason to withdraw his plea.  Id.  He argued that the trial court's denial of his motion to withdraw "was unreasonable, arbitrary and unconscionable and should be reversed."  Id. at 15.

Reviewing the analysis outlined in McMeans, there is no support in the record that Laffler presented his claim to the state courts as a federal constitutional issue, rather than an issue arising under state law.  McMeans, 228 F.3d at 681. Leffler relied solely on state law in his memorandum in support of his appeal.  See generally doc. 9, RX 13, at 10-11, 14-15.  There is no federal constitutional right to

9

withdraw a guilty plea.  Dickey v. Warden, Lebanon Corr. Inst., No. 1:08CV819, 2010 WL 92510, at *7-*8  (S.D. Ohio Jan. 6, 2010) (citing cases); Breeden v. Beightler, No. 3:06CV3056, 2008 WL 1995367, at *13 (N.D. Ohio May 6, 2008) (citing United States ex rel. Scott v. Mancusi, 429 F.2d 104, 109 (2d Cir. 1970)).

In addition, this habeas court lacks authority to adjudicate a claim that the state court abused its discretion by denying a motion to withdraw a guilty plea.  Xie v. Edwards, 35 F.3d 567, 1994 WL 462143, at *2 (6th Cir. Aug. 25, 1994) (TABLE, text in WESTLAW) (whether trial court abused discretion in denying motion to withdraw plea is question of state law); Artiaga v. Money, No. 3:04CV7121, 2007 WL 928640, at *2 (N.D. Ohio Mar. 27, 2007).  Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of Ohio Criminal Rule 32.1 would not properly be before this court.  Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Akemon v. Brunsman, No. C-1-06-166, 2007 WL 2891012, at *12 (S.D. Ohio Sept. 28, 2007).

The petition cannot be granted on the basis of the first ground because it was not fairly presented to the state courts as a federal claim.  Baldwin, 541 U.S. 27; Jacobs, 265 F.3d at 415.

### B. Second Ground:  Ineffective Assistance of Counsel

The second ground of the petition alleges ineffective assistance of counsel. Leffler provides the following facts in support of his claim:

> The ineffective assistance of pre-trial or prior to the withdraw of plea rendered from Attorney Rowland [trial counsel] was first the incorrect advice on the plea agreement and statutes of Law.   [.....]
>
> Secondly Attorney Rowland failed to fight for key rights of the Defendant which greatly hindered his ability to fight the case and prepare a defense against these accusations.  [.....]
>
> Appellant was also deprived of effective assistance of counsel on appeal.  ....  Appellant counsel also failed to file against expost facto laws and the tier system.

(Doc. 1, at pp. 8-8.1, 8.3.)

### 1.  Ineffective Assistance of Trial Counsel

The respondent contends that Leffler has procedurally defaulted his claim of ineffective assistance of counsel, because he did not properly raise it in the state courts.  (Doc. 25, at 13-15.)

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).  To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)).  A petitioner cannot circumvent the exhaustion requirement by failing

to comply with state procedural rules. Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.

Where a state court has failed to address a prisoner's federal claim(s) because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief. Coleman, 501 U.S. at 729-730; Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000), aff'd, 507 F.3d 916 (6th Cir. 2007). Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Buell, 274 F.3d at 348 (quoting Coleman, 501 U.S. at 750); Davie v. Mitchell, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004), aff'd, 547 F.3d 297 (6th Cir. 2008), cert. denied, 130 S.Ct. 503 (2009).

The court considers four factors to determine whether a claim has been procedurally defaulted: (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for her not to follow the

procedural rule, and that he was actually prejudiced by the alleged constitutional error.  Buell, 274 F.3d at 348 (citing Maupin, 785 F.2d at 138); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

Any ineffective-assistance claims that Leffler could have asserted in his direct appeal, but did not, are defaulted under the Ohio doctrine of res judicata. Coleman, 244 F.3d at 538; State v. Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); State v. Perry, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus, ¶9).  Res judicata will apply when a defendant who is represented by new counsel on direct appeal, as Leffler was, fails to raise the issue of ineffective assistance of trial counsel.  Hicks v. Collins, 384 F.3d 204, 211 (6th Cir. 2004), cert. denied, 544 U.S. 1037 (2005); Monzo v. Edwards, 281 F.3d 568, 576-577 (6th Cir. 2002).  Leffler did not raise ineffective assistance of counsel in his direct appeal. (Doc. 9, RX 13.)

Although Leffler raised the issue of ineffective assistance of trial counsel in his Rule 26(B) application(s) to reopen his appeal (doc. 25, RX 23, 27), that claim would not have been considered on its merits, but rather as an argument supporting ineffective assistance of appellate counsel (for not having raised the ineffective assistance of trial counsel claim).  Under Ohio law, a Rule 26(B) motion for reopening is limited to claims of ineffective assistance of appellate counsel.  Ohio R. App. P. 26(B)(1).  The state courts will not entertain other claims.  See State v. Goines, 74 Ohio St.3d 409, 410, 659 N.E.2d 787 (1996) (claimed errors not related to ineffective assistance of appellate counsel are disregarded); State v. Cook, No.

13

WD-04-029, 2005 WL 1926517, at *4 (Ohio Ct. App. Aug. 10, 2005) (claim of

ineffective assistance of trial counsel improper basis for Rule 26(B) motion); State v.

Huber, No. 80616, 2003 WL 21419177, at *2 (Ohio Ct. App. June 18, 2003) (same).

      The Ohio rule of res judicata satisfies the first three factors in Maupin.

Jacobs, 265 F.3d at 417.  The fourth factor is that the petitioner must demonstrate

that there was cause for him not to follow the procedural rule, and that he was

actually prejudiced by the alleged constitutional error.  "Cause" for a procedural

default is ordinarily shown by "some objective factor external to the defense" which

impeded the petitioner's efforts to comply with the state's procedural rule.

Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

      Leffler does not show cause for the procedural default of his claim of

ineffective assistance of trial counsel.  See generally doc. 29.  Where the petitioner

fails to demonstrate cause and prejudice to excuse the default, the claim is barred.

Williams, 460 F.3d at 807.

2.  Ineffective Assistance of Appellate Counsel

      The respondent assert that Leffler did not fairly present his ineffective

assistance of appellate counsel claim, because he failed to properly file his Rule

26(B) application.  (Doc. 25, at 13.)

      The Ohio Supreme Court has held that "issues of ineffective assistance of

appellate counsel must be raised at the first opportunity to do so."  Monzo, 281 F.3d

at 578 (quoting State v. Williams, 74 Ohio St.3d 454, 455, 659 N.E.2d 1253, 1254

(1996) (per curiam)).  Under Ohio law, claims of ineffective assistance of appellate

14

counsel must be raised in a motion to re-open the appeal before the Ohio Court of Appeals. Monzo, 281 F.3d at 577 (citing State v. Murnahan, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992)); Ohio App. R. 26(B).  Such a motion must be filed in the court of appeals within 90 days of the appellate judgment.  State v. Lamar, 102 Ohio St.3d 467, 468, 812 N.E.2d 970 (2004) (per curiam), cert. denied, 543 U.S. 1168 (2005); State v. Reddick, 72 Ohio St. 3d 88, 90, 647 N.E.2d 784, 786 (1995) (per curiam).  Leffler did not file a proper or timely motion to re-open.

Leffler first attempted to filed an application pro se to reopen his appeal, pursuant to Ohio App. Rule 26(B), on Sept. 22, 2008, but the application was not signed by Leffler, rather by his wife. (Doc. 9, RX 23, at 8-9.)  In response to a motion to dismiss, the court of appeals found that the application was not properly before the court, and it was stricken.  (Doc. 9, RX 26.)

Leffler filed a second, delayed application to reopen his appeal in state court, after the stay was granted in this habeas action . (Doc. 25, RX 27.)  The Ohio court of appeals denied the application to reopen , because it was not timely filed, and the application did not set forth good cause for being untimely.  (Doc. 25, RX 29.)

Rule 26(B)'s 90-day filing period is a state procedural rule applicable to Leffler's claim, and the state court found that Leffler failed to comply with the timely-filing provision.  The state court enforced the procedural sanction by denying his application for reopening.  The Sixth Circuit has found that this is an adequate state procedural ground.  Smith v. Ohio, Dept. of Rehab. & Corr., 463 F.3d 426, 436 n.7 (6th Cir. 2006); Monzo, 281 F.3d at 577-578.

Any ineffective assistance claims that Leffler could have properly asserted, but did not, are defaulted under the Ohio doctrine of res judicata.  Jacobs, 265 F.3d at 417; Coleman, 244 F.3d at 538; Perry, 10 Ohio St.2d at 176, 226 N.E.2d at 105-106.  If a petitioner is barred by a state procedural rule from raising a federal claim in state court, he is not permitted to raise the issue in his habeas petition absent a showing of cause and prejudice.  Engle, 456 U.S. at 129; Wainwright, 433 U.S. at 86-87.

Application of the Ohio rule of res judicata satisfies the first three factors in Maupin.  Jacobs, 265 F.3d at 417.  The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.

"Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule.  Coleman, 501 U.S. at 753 (quoting Murray, 477 U.S. at 488).  Leffler appears to argue that the state court improperly impeded his initial filing of his Rule 26(B) application by dismissing it without direction to him on how to proceed.  (Doc. 29, at 7.)  He does not provide any case authority which would support this theory of cause, and the court does not find that he has demonstrated that some objective factor external to the defense impeded his efforts to comply with the state's rules.  Where the petitioner fails to demonstrate cause and prejudice to excuse the default, the claim is barred.  Williams, 460 F.3d at 807.

The petition cannot be granted on the basis of the second ground, ineffective

assistance of counsel, because the claims have been procedurally defaulted.


### C. Other Grounds

The respondent states that remaining grounds of the petition, the third,

fourth, and fifth grounds, were never presented to the state courts.  (Doc. 25, at 13-

16.)

The record reflects that Leffler failed to properly exhaust these claims by

raising them on direct appeal.  See doc. 9, RX 13.  Because the claims were not

raised in the state court of appeals, they are barred by the Ohio rule of res judicata.

Lott v. Coyle, 261 F.3d 594, 611-612 (6th Cir. 2001), cert. denied, 534 U.S. 1147

(2002); Rust, 17 F.3d at 160-161; Szefcyk, 77 Ohio St.3d at 93, 671 N.E.2d at 233

(syllabus); Perry, 10 Ohio St.2d at 176, 226 N.E.2d at 105-106 (syllabus, ¶9).  Res

judicata would bar Leffler from litigating an issue that could have been raised on

direct appeal.  Perry, 10 Ohio St.2d at 180, 226 N.E.2d at 108.

Leffler cannot return to state court to exhaust these claims because the Ohio

Supreme Court has ruled that arguments that could have been raised in an initial

appeal (and were not) will be barred from consideration on appeal following

remand, under the doctrine of res judicata.  State v. Hutton, 100 Ohio St.3d 176,

182, 797 N.E.2d 948, 956 (2003); State v. Gillard, 78 Ohio St.3d 548, 549, 679

N.E.2d 276 (1997), cert. denied, 523 U.S. 1108 (1998).  State law no longer would

permit Leffler to raise the claims, hence they are defaulted.  See Williams, 460 F.3d at 806; Adams v. Bradshaw, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007).

Absent a showing of cause and prejudice to excuse the procedural default, the court will not review the merits of the claim.  Lott, 261 F.3d at 612.  Leffler does not address cause and prejudice in his traverse.  See generally doc. 29.

The petition should not be granted on the basis of the third, fourth, and fifth grounds of the petition because these claims were never  presented to the Ohio Court of Appeals, thus were not properly exhausted, and are now defaulted.

## IV.  SUMMARY

The petition for a writ of habeas corpus should be denied.  The petition cannot be granted on the basis of the first ground because it was not fairly presented to the state courts as a federal claim.

The claims of ineffective assistance of counsel in the second ground were procedurally defaulted.  The third, fourth, and fifth  grounds were never  presented to the Ohio Court of Appeals, and are now defaulted.

RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be denied.

Dated:  Nov. 15, 2012                      /s/ Kenneth S. McHargh
                                        Kenneth S. McHargh
                                        United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the

Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file

objections within the specified time WAIVES the right to appeal the District Court's

order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d

947 (6th Cir. 1981).