IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
                                                  : CASE NO. 3:09 CV 02801
PAUL D. LEFFLER,                       :
                                                  :
                                    Petitioner     :
                                                  : <u>MEMORANDUM AND ORDER</u>
                           -vs-                       :
                                                  :
                                                  :
SARA ANDREWS, Deputy Director of     :
the Ohio Department of Rehabilitation      :
and Correction,
                                                  :
                                   Respondent.
-------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

       Pursuant to Local Rule 72.2(b), the instant petition for the Writ of Habeas Corpus was referred to United States Magistrate Judge Kenneth S. McHargh for report and recommendation ("R&R"). On 26 July 2012, the Magistrate Judge recommended that the petition be denied. (Doc. 30). The petitioner now objects. (Doc. 34). For the reasons that follow, the objections will be overruled, the R&R adopted, and the petition denied.

       **I. Background**

       On 23 May 2007, the petitioner Paul D. Leffler appeared in the Hardin County Court of Common Pleas, where he pled no contest to – and the court found him guilty of – two counts of contributing to the unruliness of a minor. He also pled guilty to two counts gross sexual imposition. Prior to sentencing, the petitioner filed a motion to withdraw his guilty plea, which the court denied. His motion for reconsideration was also

denied. On 19 September 2007, the petitioner was sentenced to a total of 30 months incarceration.

The petitioner filed a direct appeal, challenging the trial court's denial of his motion to withdraw his guilty plea. On 23 June 2008, his conviction was affirmed. State v. Leffler, No. 6-07-22, 2008 WL 2486413 (Ohio Ct. App. 23 June 2008). He filed a pro se appeal to the Ohio Supreme Court, again challenging the denial of his motion. The appeal was dismissed as not involving any substantial constitutional question. His motion for reconsideration was denied. While his appeal to the Ohio Supreme Court was pending, the petitioner filed an application to reopen his appeal in the intermediate court of appeals. On motion of the state, the court rejected the petitioner's application because it was signed not by the petitioner, but by his wife. The court ordered his application stricken from the record.

The petitioner filed the instant habeas petition on 2 December 2009. The respondent filed a motion to dismiss on the ground that some of the petitioner's claims were unexhausted. (Doc. 9). The petitioner requested a stay for the purpose of returning to state court to exhaust those claims. (Doc. 17). The motion to dismiss was denied, and the stay was granted. (Doc. 20, 21).The petitioner returned to state court seeking to reopen his appeal, alleging ineffective assistance of appellate counsel. His application to reopen was denied as untimely, and a subsequent appeal to the Ohio Supreme Court was dismissed. After exhausting his options in state court, the petitioner returned to this Court.

The petitioner now seeks relief on the following grounds:

1. Court violated appellant's rights under due process of law by not allowing him

2

      to withdraw his plea prior to sentencing

      2. Effective assistance of counsel guaranteed under the 6th Amendment to the Constitution

      3. Retroactive application of tier system is contrary to the rights of no Ex Post Facto Law and was improperly aplied [sic].

      4. Bias of judge in clear violation of petitioner's right.

      5. State violated petitioner's rights under due process of law by flawed grand jury procedures which included multiplicity of charges and several compromised indictments.

(Doc. 1, 10). The respondent filed an answer, and the petitioner filed a traverse. (Doc. 25, 29).

On referral, the Magistrate Judge reviewed the petitioner's claims and recommended that the Court deny the petition. Specifically, the Magistrate Judge concluded that the first ground for relief was not fairly presented to the state courts; the second ground of ineffective assistance of counsel is procedurally defaulted; and the third, fourth, and fifth grounds were never presented to the Ohio Court of Appeals, and are defaulted. Consequently, the Magistrate Judge recommended denying the petition.

The petitioner has filed timely objections and seeks the Court's de novo review of the Magistrate Judge's recommendations as to the petitioner's first and second claims for relief.

.    **II. Discussion**

This Court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." Local Rule 72.3(b). The failure by either party to file specific

objections constitutes a waiver of the right to appeal the Magistrate Judge's recommendations. Thomas v. Arn, 474 U.S. 140, 155 (1985); Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508–09 (6th Cir.1991). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir.1995). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x. 354, 356 (6th Cir. 2001) (citing Miller, 50 F.3d at 380). In the absence of objections, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b) advisory committee's note.

### A. First Objection

In his first claim for relief, the petitioner maintains that he was denied due process when the trial court denied his motion to withdraw his plea prior to sentencing. The Magistrate Judge concluded this claim was not fairly presented to the state courts, because the arguments raised in state court related strictly to state law.

The petitioner seems to acknowledge that no federal claim was explicitly raised in the state courts, but objects by suggesting that the relevant federal claim was somehow implied by the state claim. The petitioner provides no meaningful support for this argument, and the Court rejects it. "A claim may only be considered 'fairly presented' if the petitioner asserted both the factual and legal basis for his claim to the state courts." McMeans v. Brigand, 228 F.3d. 674, 681 (6th Cir.2000). To determine whether a claim has been fairly presented to the state courts, this Court considers whether the petitioner

> reli[ed] upon federal cases employing constitutional analysis; (2) reli[ed] upon

4

> state cases employing federal constitutional analysis; (3) phras[ed] the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleg[ed] facts well within the mainstream of constitutional law.

Id. Upon consideration of these factors, the Court agrees with the conclusion of the Magistrate Judge. The question the petitioner raises now – whether due process was violated when the trial court denied the petitioner's motion to withdraw his guilty plea – was not "fairly presented" to the court of appeals or to the Ohio Supreme Court, because the arguments raised in state court implicated none of the four factors noted above. The petitioner's objection is accordingly overruled.

In the absence of a showing of cause and prejudice, failure to fairly present a claim to the state court while state court remedies are still available forecloses federal habeas review. See Seymour v. Walker, 224 F.3d 542, 549-50 (6th Cir. 2000). In this instance, the petitioner has not demonstrated cause and prejudice. Therefore, the Court concludes, consistent with the Magistrate Judge, that the petitioner's first claim for relief must be denied.

**B. Second Objection**

Next, the petitioner objects to the Magistrate Judge's recommendation that habeas review of his claim of ineffective assistance of appellate counsel is barred because the state court rejected that claim on independent and adequate state procedural grounds.

During state proceedings, the petitioner moved to reopen his appeal, arguing that appellate counsel was constitutionally ineffective. Under Ohio law, an application to reopen an appeal must be filed within 90 days of appellate judgment. Ohio App. Rule

5

26(B). In this case, the petitioner's first application to reopen was timely, but the court of appeals concluded that it was improperly filed, because the application was signed, not by the petitioner, but by his wife. The court ordered the application stricken. Then, while the case was stayed in this Court, the petitioner filed a second application to reopen, which the court of appeals denied as untimely. The state court concluded that the petitioner did not demonstrate good cause for his untimeliness pursuant to Ohio App. Rule 26(B).

Based on this procedural background, the Magistrate Judge concluded, correctly, that the petitioner procedurally defaulted his ineffective assistance of appellate counsel claim, because the state court's disposition of the claim rested on adequate and independent state grounds pursuant to the framework set forth in Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986).  Under Maupin, the Court considers the following factors to determine whether a claim is procedurally defaulted: (1) whether there is a state procedural rule applicable to the petitioner's claim, (2) whether the petitioner failed to comply with the rule; (3) whether the state courts actually enforced the procedural sanction; and (4) whether the state procedural forfeiture is an adequate and independent state ground on which the state can foreclose review of the federal claim. Maupin, 785 F.2d at 138.

As noted in the R&R, the Sixth Circuit has recognized that Rule 26(B)'s 90-day filing requirement is an adequate and independent state ground on which the state may foreclose federal review. See Monzo v. Edwards, 281 F.3d 568, 578 (6th Cir. 2002). And in this instance, it is clear that this rule was applicable to the petitioner's claim, that petitioner failed to adhere to the rule, and that the state court enforced the rule.

6

Therefore, federal review of the petitioner's claim is barred unless he can demonstrate cause and prejudice. See Wainwright v. Sykes, 433 U.S. 72, 87 (1977). The petitioner maintains that the procedural bar should be lifted because his failure to adhere to the rule resulted only from the fact that his application to reopen bears his wife's signature and not his. He states that his wife signed the document because he was trying to avoid a late filing, and not for any improper purpose. He suggests that the state court's stringent application of the signature requirement should not bar him from federal court.

This argument has no merit as it demonstrates neither cause nor prejudice. The petitioner has not shown cause because the circumstances surrounding his failure to properly sign his application do not relate to any "objective factor external to the defense [that] impeded [his] efforts to comply with the State's procedural rule." Burroughs v. Makowski, 411 F.3d 665, 667 (6th Cir. 2005) (quoting Murray, 477 U.S. at 488). The petitioner's failure to properly and timely file his application are not attributable to the state court as he seems to suggest. Further, the petitioner offers no argument that he was prejudiced as a result of the default. The petitioner's objection is accordingly overruled.

### III. Conclusion

For the reasons stated above, the petitioner's objections are overruled, the R&R is adopted, and the petition is denied.

IT IS SO ORDERED.

                                                         /s/ Lesley Wells  
                                                UNITED STATES DISTRICT JUDGE

Date: 19 July 2013